UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-25807-JB

BRIDLINGTON BUD LTD,

    Plaintiff,

v.

THE PARTNERSHIPS, UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE A,

    Defendants.    /

**PRELIMINARY INJUNCTION ORDER**

**THIS CAUSE** comes before the Court upon Plaintiff's Motion for Entry of a Preliminary Injunction (the "Motion"), ECF No. [16] against Defendants, the Partnerships and Unincorporated Associations Identified on Schedule A, attached hereto, (collectively the "Defendants"), and an order restraining the financial accounts used by Defendants pursuant to 15 U.S.C. § 1116 and Federal Rule of Civil Procedure 65(a).

On December 30, 2025, the Court entered a Temporary Restraining Order and Order Restraining Transfer of Assets, (the "TRO") against Defendants. On January 6, 2026, Plaintiff filed its Motion requesting that the TRO be converted to a preliminary injunction. ECF No. [16]. Plaintiff filed Certificates of Service as to all Defendants pursuant to the Court's TRO. ECF Nos. [17], [21], [26]. On January 12, 2026, the Court entered an Order setting a hearing on Plaintiff's Motion for Preliminary Injunction, and requiring Plaintiff to continue serving notice of the

Preliminary Injunction hearing and this Court's Orders on Defendants, and file a notice of the total funds restrained pursuant to the Court's TRO. ECF No. [20]. Plaintiff's Certificates of Service affirmed that Plaintiff served notice on the Defendants identified on Schedule "A" hereto by (1) emailing Defendants Plaintiff's Motion for Preliminary Injunction, and a notice of the Court's hearing on the Plaintiff's Motion; and (2) posting copies of the Complaint, TRO, the Motion, and all other documents filed in this action at https://cloud.palmerlawgroup.com/index.php/s/esTNoWCNFbOmuHZ, where such documents are available to view and download in compliance with this Court's TRO. ECF No. [20].

Only counsel for Plaintiff appeared at the Hearing on the Motion. As represented by Plaintiff's counsel at the Hearing and reflected on the docket of this case, no Defendants have made any appearance, indicated an intention to challenge the TRO, or otherwise answered and/or defended against the Complaint.[1] At the Hearing, the Court heard argument from Plaintiff and reviewed the evidence that Plaintiff's counsel presented to the Court.

For the reasons stated below, Plaintiff BRIDLINGTON BUD LTD's request for preliminary injunctive relief is **GRANTED**.

---

[1] Three Defendants filed a response in opposition to Plaintiff's Motion for a Preliminary Injunction, however, the parties subsequently settled the case as between them prior to the hearing. ECF No. [27].

## I. Factual Background

The following factual background is taken from Plaintiff's Complaint, ECF No. [1], the Application, and supporting evidentiary submissions and exhibits.

Plaintiff is the owner of the federally registered trademark ACDANC (referred to herein as the "ACDANC" mark) under U.S. Trademark Registration No. 6,362,407. *See* Exhibit 1, ECF No. [7-1]; *see also* Decl. of Du, ECF No. [7-3] ¶3. The ACDANC mark is used with containers for household use, cruets, cookery moulds, kitchen mitts, ice pails, and related products. *Id.*

Defendants, through internet-based e-commerce stores operating under their seller aliases identified on Schedule A attached herewith, have advertised, promoted, offered for sale, or sold infringement products using the ACDANC mark. *See* Decl. of Du, ECF No. [7-3] ¶¶9-12. Based on the infringing evidence provided by Plaintiff, ECF No. [7-4], "Defendants directly target business activities toward consumers in the United States, including Florida, through their fully interactive e-commerce platforms." *See* Decl. of Du, ECF No. [7-3] ¶¶9-12. Further, Plaintiff has "not licensed or authorized these Defendants to use the ACDANC mark, and none of the Defendants are authorized retailers of genuine ACDANC Products." *Id.* ¶13.

Further, counsel for Plaintiff has "reviewed the images and product description displayed on the websites, including the domain name, the product listing, the product information, and detailed seller information of each seller identified on Schedule A and has determined "that Defendants are promoting, advertising, offering for sale, and/or selling various kitchen supplies and related accessories using the

ACDANC mark, without authorization, via Internet-based e-commerce stores operating under the seller names identified on Schedule A." *See* Decl. of Palmer, ECF No. [7-2] ¶2. Further, "[a]fter reviewing the infringing evidence," counsel for Plaintiff also believes that "it is apparent that the activities of the sellers identified in Schedule A are consistent with the general patterns of online counterfeiting activities." *Id.* ¶4.

## II. Legal Standard

In order to obtain a preliminary injunction, a party must demonstrate "(1) [there is] a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005).

## III. Discussion

The declarations and Infringing Evidence Plaintiff submitted support the following conclusions of law:

1. Plaintiff has a strong probability of proving at trial that consumers are likely to be confused by Defendants' advertisement, promotion, sale, offer for sale, and/or distribution of goods bearing and/or using counterfeits, reproductions, or colorable imitations of the ACDANC mark, and that the products Defendants are selling and promoting for sale are copies of the Plaintiff's products that bear and/or use copies of the ACDANC mark.

4

2. Because of the infringement of the ACDANC mark, Plaintiff is likely to suffer immediate and irreparable injury if a preliminary injunction is not granted. The following specific facts, as set forth in Plaintiff's Complaint, request for Preliminary Injunction, and declarations, demonstrate that immediate and irreparable loss, damage, and injury will result to Plaintiff and to consumers:

    a. Defendants own or control e-commerce stores operating under their store aliases which advertise, promote, offer for sale, and sell products bearing and/or using counterfeit and infringing trademarks in violation of Plaintiff's rights;

    b. There is good cause to believe that more counterfeit and infringing products bearing and/or using Plaintiff's trademarks will appear in the marketplace; that consumers are likely to be misled, confused, and disappointed by the quality of these products; and that Plaintiff may suffer loss of sales for their genuine products; and

3. The balance of potential harm to Defendants in restraining their trade in counterfeit and infringing branded goods if a preliminary injunction is issued is far outweighed by the potential harm to Plaintiff, its reputation, and its goodwill as a manufacturer and distributor of quality products if such relief is not issued.

4. The public interest favors issuance of the preliminary injunction to protect Plaintiff's trademark interests, to encourage respect for the law, to facilitate the invention and development of innovative products, and to protect the public from being defrauded by the illegal sale of counterfeit goods.

5. Under 15 U.S.C. § 1117(a), Plaintiff may be entitled to recover, as an equitable remedy, the illegal profits gained through Defendants' distribution and sales of goods bearing and/or using counterfeits and infringements of the ACDANC mark. *See Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992) (quoting *Fuller Brush Prods. Co. v. Fuller Brush Co.,* 299 F.2d 772, 777 (7th Cir. 1962) ("An accounting of profits under § 1117(a) is not synonymous with an award of monetary damages: '[a]n accounting for profits . . . is an equitable remedy subject to the principles of equity.'")).

6. Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strau*ss & Co., 51 F.3d at 987 (citing *Federal Trade Commission v. United States Oil & Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)).

7. Considering the inherently deceptive nature of the counterfeiting business, and the likelihood that Defendants have violated federal trademark laws, Plaintiff has good reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

Accordingly, upon due consideration of Plaintiff's Complaint, Motions, and supporting evidentiary submissions, it is **ORDERED AND ADJUDGED** that pursuant to 15 U.S.C. § 1116, Federal Rule of Civil Procedure 65, 28 U.S.C. § 1651(a), and the Court's inherent authority, Plaintiff's Request for Entry of a Preliminary Injunction is **GRANTED**, under the terms set forth below:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them are preliminarily enjoined and restrained from:

    a. using Plaintiff's ACDANC mark or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine ACDANC product or not authorized by Plaintiff to be sold in connection with Plaintiff's ACDANC mark;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine ACDANC product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under Plaintiff's ACDANC mark;

    c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d. further infringing Plaintiff's ACDANC mark and/or damaging Plaintiff's goodwill;

    e. otherwise competing unfairly with Plaintiff in any manner; and/or

    f. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner,

   products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear Plaintiff's ACDANC trademark or any reproductions, counterfeit copies or colorable imitations thereof.

2. Defendants and any person in active concert or participation with them who have actual notice of this Order shall be preliminarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

3. Any third-party providers, including PayPal, Payoneer, and Walmart, Inc. shall, within two (2) business days of receipt of this Order, for any of Defendants or any of Defendants' Online Marketplace Accounts or websites:

 a. locate all accounts and funds connected to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any financial accounts connected to the information listed in Schedule A attached hereto and any email addresses provided for Defendants by third parties; and

 b. restrain and enjoin any such accounts or funds from transferring or disposing of money or any other assets belonging to Defendants until further ordered by this Court.

4. This Order shall apply to the Seller Aliases, associated e-commerce stores and websites, and any other seller identification names, e-commerce stores, domain names, websites, or financial accounts which are being used by

Defendants for the purpose of infringing the ACDANC mark at issue in this action and/or unfairly competing with Plaintiff.

5. Any of Defendants subject to this Order may appear and move to dissolve or modify the Order on two-days' notice to Plaintiff or on shorter notice as set by this Court.

6. Any Defendant or financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out in this Order.

7. The Court determines that the bond in the amount of **Five Thousand Dollars and Zero Cents** ($5,000.00) posted by Plaintiff is sufficient and shall remain with the Court.

8. As a matter of law, this Preliminary Injunction shall no longer apply to any Defendant or associated e-commerce store dismissed from this action or as to which Plaintiff has withdrawn its request for a preliminary injunction.

9. This Order shall remain in effect during the pendency of this action, or until further Order of this Court.

**DONE AND ORDERED** in Miami, Florida, on this 27th day of January, 2026.

                                              **JACQUELINE BECERRA**
                                              **UNITED STATES DISTRICT JUDGE**

**Schedule A Defendants**

| Def. # | Seller Aliases | Defendants' Walmart Store URLs |
|---|---|---|
| 1 | Oncusgr | https://www.walmart.com/global/seller/102824332 |
| 2 | CAONIMIE strores | https://www.walmart.com/global/seller/102849379 |
| 3 | DISMISSED | |
| 4 | LifestyleNex | https://www.walmart.com/global/seller/102717533 |
| 5 | DISMISSED | |
| 6 | yyytttsa | https://www.walmart.com/global/seller/102880291 |
| 7 | zhijiangshichuanrangshangmao | https://www.walmart.com/global/seller/102753812 |
| 8 | QinSiLiStore | https://www.walmart.com/global/seller/102765434 |
| 9 | Luca | https://www.walmart.com/global/seller/102911294 |
| 10 | DISMISSED | |
| 11 | DISMISSED | |
| 12 | yiyyyds | https://www.walmart.com/global/seller/102881181 |
| 13 | WarmNestWorkshop | https://www.walmart.com/global/seller/102722372 |
| 14 | Oddities Oasis | https://www.walmart.com/global/seller/102746020 |
| 15 | feixug | https://www.walmart.com/global/seller/102857612 |
| 16 | guoshengjun | https://www.walmart.com/global/seller/102748630 |
| 17 | o/ngyih | https://www.walmart.com/global/seller/102843763 |
| 18 | liCQIAN | https://www.walmart.com/global/seller/102857858 |